IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-HC-2197-F

| | | |
|---|---|---|
| RON DALE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE BALL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter arises from the petition for writ of habeas corpus [DE-1], pursuant to 28 U.S.C. § 2254, filed by Petitioner, a state prisoner proceeding pro se. Presently before the court are Petitioner's motion to amend [DE-10] and Respondent's motion to dismiss [DE-6]. For the following reasons, Petitioner's motion to amend [DE-10] is ALLOWED, Respondent's motion to dismiss [DE-6] is ALLOWED, and the instant petition is DISMISSED

**I. Background**

On October 6, 2000 in the Superior Court of Granville County, Petitioner was convicted after a trial by jury of first-degree murder. Pet. [DE-1], p. 1. He was sentenced to life imprisonment without parole. Id. Petitioner filed a direct appeal, and, on May 21, 2002, the North Carolina Court of Appeals found no error. State v. Johnson, 2002 WL 1013028 (2002). Petitioner did not seek further review from the North Carolina Supreme Court. Pet. [DE-1], p. 2.

Beginning on March 2, 2004, Petitioner filed four Motions for Appropriate Relief ("MAR") in Granville County Superior Court. Resp't. Ex. 5, 10, 15, 19. Each MAR was denied,

as were Petitioner's subsequent petitions for certiorari. Resp't. Ex. 6, 9, 11, 14, 16, 18, 20, 21.

The instant petition was filed on September 10, 2014. Pet. [DE-1], p. 42. This court concluded that the petition survived initial review on March 26, 2015, and the Clerk of Court was instructed to maintain management of the matter [DE-3]. Respondent filed the instant motion to dismiss on April 22, 2015 [DE-6], and Petitioner filed a timely response [DE-9]. On December 3, 2015, Petitioner filed the instant motion to amend his petition [DE-10]. These matters are now ripe for adjudication.

## II. Motion to Amend

Petitioner seeks to amend his petition [DE-10]. Under Rule 15 of the Federal Rules of Civil Procedure, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962). Given this liberal standard, Petitioner's motion to amend [DE-10] is ALLOWED, and his supplemental materials have been considered.

## III. Motion to dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes

these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time that "a properly

3

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. Taylor, 186 F.3d at 560–61. The period between the time a petitioner's conviction becomes final and the time a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The statutory period then resumes after the state highest state court denies post-conviction relief to a petitioner. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2000); Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Here, the North Carolina Court of Appeals issued its opinion affirming Petitioner's conviction on May 21, 2002. Johnson, 2002 WL 1013028. Petitioner then had thirty-five days to file a petition for review with the North Carolina Supreme Court. See N.C. R.App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be similarly filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R.App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek further review from the North Carolina Supreme Court, and therefore, his conviction became final on June 25, 2002. See Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a

4

state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). The statutory period then ran for 365 days until it expired on June 25, 2003. See, e.g., Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438. Petitioner's subsequently filed MARs do not operate to toll the running of the statutory period. See Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Accordingly, absent equitable tolling, the instant petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland, 560 U.S. at 655. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quotations omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir.), cert. denied, 549 U.S. 1122 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. In his response to the instant motion to dismiss, Petitioner does not allege any circumstances that would warrant equitable tolling. Accordingly, Respondent's motion to dismiss [DE-6] is

5

ALLOWED.

**IV.    Certificate of Appealability**

Having determined that Respondent is entitled to summary judgment, the court must now consider whether Petitioner is entitled to a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El, 537 U.S. at 336-38; Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the petition in light of the applicable standards, the court finds that reasonable jurists would not find the court's treatment of the petition debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability.

**CONCLUSION**

For the aforementioned reasons, Petitioner's motion to amend [DE-10] is ALLOWED, Respondent's motion to dismiss [DE-6] is ALLOWED, and the instant petition is DISMISSED. The court DENIES a certificate of appealability, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

6

This the 2 day of March, 2016.

                         *James C. Fox*
                         JAMES C. FOX
                         Senior United States District Judge